ALITO, Circuit Judge,
concurring:
I am in general agreement with the opinion of the court. Under Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), an ERISA beneficiary may bring a civil action “to obtain other appropriate equitable relief ... to redress” a violation of the plan. If the plaintiff in this case can establish that the trustees violated the plan by failing to pay his benefits on time, an award of interest would constitute “appropriate equitable relief.” Such an award is recognized as appropriate equitable relief in comparable circumstances under the law of trusts. See Restatement (2d) of Trusts § 207 at 470 (1959); 3 Austin Wake-man Scott and William Franklin Frateher, The Law of Trusts § 207.1 at 262-63 (4th ed.1987); Nedd v. United Mine Workers of America, 556 F.2d 190, 207 (3d Cir.1977); Toombs v. Daniels, 361 N.W.2d 801, 810 (Minn.1985). Thus, this is not a case like Massachusetts Mutual Life Ins. Co. v. Russell, 473 U.S. 134, 105 S.Ct. 3085, 87 L.Ed.2d 96 (1985), in which we are asked to supplement the remedies specified in the statute.